UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00163-TBR

REGINA ANN FULCHER                                                                                            Plaintiff,

v.

UNITED STATES OF AMERICA                                                                               Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff Regina Ann Fulcher's bill of costs. (Docket No. 35), to which the United States has objected (Docket No. 36). Fulcher has responded, (Docket No. 40), and the United States has replied, (Docket No. 42). Fully briefed, this matter stands ripe for adjudication. For the reasons that follow, the Court overrules the Government's objections and sustains Fulcher's bill of costs.

## Factual Background

Following a one-day bench trial conducted pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, the Court entered judgment in favor of Fulcher. (Docket No. 33.) Fulcher timely submitted her bill of costs, claiming expenses totaling $3,012.54. (Docket No. 35.) Upon the United States' objection, Fulcher conceded that certain fees associated with Dr. William Adams' deposition were improperly submitted. The parties' remaining disagreement concerns the transcript fees for the depositions of four Untied States Postal Service ("USPS") employees.

## Legal Standard

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is generally allowed to recover costs from the losing party, including the United States:

> Except when express provision therefore is made either in statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but *costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.*

Fed. R. Civ. P. 54(d) (emphasis added). A presumption in favor of awarding costs to the prevailing party arises from Rule 54(d). *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001); *Ford v. FedEx Supply Chain Servs., Inc.*, 2009 WL 1585849, at *1 (W.D. Tenn. June 3, 2009). The party objecting to the taxation must show why costs should not be awarded. *BDT Prods.*, 405 F.3d at 420; *Cooley v. Lincoln Elec. Co.*, 776 F. Supp. 2d 511, 574 (N.D. Ohio 2011).

Federal statute addresses costs that may be awarded against the United States as a party. The statute provides, in relevant part:

> Except as otherwise specifically provided by statute, a judgment for costs, *as enumerated in Section 1920 of this title* . . . may be awarded to the prevailing party in any civil action brought . . . against the United States . . . . A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a)(1) (emphasis added). Accordingly, the Court may award only those costs enumerated in Section 1920.

Section 1920 permits the taxation of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). *See also Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) ("Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party."). Necessity is determined as of the time of the deposition's taking; the fact that it was not actually used at trial is not determinative. *Id.* (citations omitted). However, "the cost of depositions that simply are investigative or preparatory in character, rather than for the presentation of the case, typically are not taxable." 10 Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Federal Practice & Procedure § 2676 (3d ed.). Although no absolute rule

governs which depositions are reasonably necessary, courts generally consider "whether the deponent was a party or a witness to disputed events, or whether the depositions were used by any of the parties in connection with a summary judgment motion." *Youngberg v. McKeough*, 2012 WL 6200650, at *2 (W.D. Mich. Dec. 12, 2012).

**Analysis**

Fulcher now seeks to recover transcript fees associated with the depositions of USPS employees Gregory Widelski, Amanda Wallace, Kimberley Ellegood, and William Rogers. The Government that only two of the four—Widelski and Wallace—testified at trial, and that none of the deposition transcripts were filed with the Court or received as evidence. If these documents contained valuable information, the Government reasons, Fulcher would have included them with the materials that she filed in the record. That she failed to do so indicates that Fulcher herself believed that these depositions contained little of value. The Government also notes that because neither party submitted a motion for summary judgment, the depositions played no role in the parties' motion practice.

Moreover, although Fulcher points to the use of Wallace's deposition in cross-examination at trial, the Court remains unconvinced that this exchange was of evidentiary value. The testimony at issue concerned the source of a photograph of the building's entrance, the site of Fulcher's fall. At trial, Wallace testified that she did not recall either personally taking the photograph or asking another USPS employee to do so. Fulcher's counsel then read to Wallace the following excerpt of her deposition:

> Question: I want to show you Exhibit 4. We're not too far from completing your deposition, so bear with me. Did you take a photograph of the door and area there at the wheelchair ramp entrance?
>
> Answer: I honestly couldn't tell you who took that photo.
>
> Question: Have you seen that photo before? And I'm showing, of course, a Xeroxed copy here today.
>
> Your answer: If it was in the file, then someone here took that photo, but I honestly couldn't tell you whether we got a camera and took the photo, somebody took – I don't know.

(Docket No. 40-1, Transcript of Excerpt of Wallace Direct Examination.) When asked at trial, "Do you remember those questions being asked and you giving those answers?" Wallace replied, "Vaguely, yes." (Docket No. 40-1.) Although Fulcher's counsel read Wallace's deposition testimony, he did not impeach or cross-examine her with it, nor did he use it to refresh her recollection. Rather, Wallace's trial testimony simply echoed the same uncertainty she voiced at deposition: on both occasions, she stated that she did not know who took the photograph at issue.

However, as stated *supra*, a deposition's necessity is determined as of the time the deposition is taken, without the benefit of hindsight. *See Sales*, 873 F.2d at 120. Bearing this principle in mind, the Court cannot say that Wallace's deposition was unnecessary. Fulcher argues that the United States provided certain handwritten statements only at deposition and after the close of written discovery. These documents included Wallace's notes memorializing her interview with Fulcher the day after the accident and Rogers' handwritten statement. The Government acknowledges that it did not provide these materials until deposition, but that the information contained in them had been provided in other discovery materials—namely, the reports that Wallace wrote and that the Government timely provided to Fulcher. Because these documents allegedly contained no new information, the Government reasons that they are unnecessary to the litigation. The Court is less certain. Although it is possible that the Government would have disclosed these documents even without the deposition, such disclosure is not a certainty. Furthermore, whether Wallace's reports accurately and fairly synthesized the information contained in the handwritten notes could have posed a question of fact.

Moreover, Fulcher points to the accident investigation reports, which were signed by Widelski but memorialized the investigation that Wallace spearheaded while Widelski was on vacation. The Government concedes this point but notes that its Rule 26 disclosure indicated that both Widelski and Wallace were potential witnesses with knowledge about the events at issue. That disclosure notwithstanding, this distinction was drawn only at deposition. Accordingly, the Court finds that the transcripts of these depositions were necessary and their costs justified.

Fulcher next contends that she anticipated that Rogers' trial testimony would be necessary to lay a proper foundation for the handwritten statement that he submitted to Wallace.  Although the Government emphasizes that Rogers did not, in fact, testify at trial, he was prepared to do so when the parties agreed that he could be released to return work.  The Government insists that at any time before trial, it would have stipulated to the fact that Rogers had no personal recollection of the day of Fulcher's fall.  However, no such pretrial stipulation was actually made.  At the time of Rogers' deposition, Fulcher reasonably believed that his testimony would be necessary to lay the foundation for certain evidence when presenting her case.  Accordingly, the Court cannot say that it was unnecessary.

The Government further argues that Ellegood's deposition was not reasonably necessary to Fulcher's case.  Ellegood testified at deposition that she did not recall any events that transpired on the day of Fulcher's fall.  The Government insists that Fulcher could have learned that Ellegood had no pertinent memories by using less expensive methods, such as serving her with interrogatories.  This, the Government says, renders Ellegood's depositions investigative and preparatory.  However, the Government itself listed Ellegood on its witness list, implicitly acknowledging that she may have offered testimony of value at trial.  (*See* Docket No. 8.)  Moreover, the Government acknowledges that although Ellegood did not recall Fulcher's accident, she had knowledge of the USPS safety procedures and cleaning standards generally implemented at the Mayfield, Kentucky post office.  Because the Government has not successfully rebutted the presumption in favor of awarding costs to the prevailing party, the Court will overrule its objection.

## Conclusion and Order

Plaintiff Regina Ann Fulcher having filed her Bill of Costs, the United States having objected to specific items presented therein, and the Court having reviewed the matter and being otherwise sufficiently advised;

The parties have agreed, and the Court also concludes, that the fee of $2,000 associated with Dr. Adams' deposition is not a taxable cost recoverable by Fulcher.  Instead, as agreed by the parties, Fulcher may recover the $40.00 statutory witness fee pursuant to 28 U.S.C. § 1821(b).

Additionally, the Court concludes that the depositions of Gregory Widelski, Amanda Wallace, William Rogers, and Kimberley Ellegood were reasonably necessary for the litigation.  Therefore, the Government's objection as to these witnesses is hereby OVERRULED.

Therefore, the following itemized costs shall be taxed against the United States:

| | |
|---|---:|
| Fees of the Clerk | $400.00 |
| Fees for service of summons and subpoena | $13.94 |
| Fees for printed transcripts | $598.60 |
| Charge by Dr. William R. Adams, II, DPM, for giving his deposition | $40.00 |
| **Total** | **$1,052.54** |

**IT IS SO ORDERED.**